IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RACHEL MALONE,<br><br>    Plaintiff,<br><br>v.<br><br>EMPIRE DISTRIBUTORS, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, ("Plaintiff" or "Malone"), by and through undersigned counsel, and files this, Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney's fees against Defendant ("Defendant") for violations of rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

**JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 26, 2021. Upon Plaintiff's request, the EEOC issued its Notice of Right to Sue on March 31, 2022.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

During all times relevant hereto, Defendant has employed approximately two hundred (200) or more employees for the requisite duration under Title VII.

9.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C. David Lumsden located at 3400 Peachtree Road NE, Suite 1515, Atlanta, GA, 30326.

**FACTUAL ALLEGATIONS**

10.

Plaintiff began working for Defendant in March 2019, as a team lead.

11.

Beginning in April 2021, Plaintiff's supervisor, Jeff Hammond ("Hammond") made frequent sexual advances towards her. For example, Hammond commented he liked the fit of Plaintiff's pants and suggested she should not wear tight clothes often because such clothes show off her curves.

12.

On another occasion, Hammond commented on the red bra Plaintiff was wearing remarking "nice bra". Again, on still another occasion, Hammond touched the back of Plaintiff's thigh.

13.

In May 2021, Plaintiff complained to Robert Solano ("Solano"), a representative of Defendant's Human Resources Department. Solano said he would open an investigation, but nothing occurred, so Plaintiff complained a second time about the sexual harassment in June 2021 to Helena Saunders ("Saunders"), also within the Human Resources Department.

14.

After speaking with Saunders, Plaintiff was suspended and told the suspension was for wearing earphones on the job. On or about July 15, 2021, Plaintiff was terminated.

15.

Although Defendant purports to provide a legitimate non-discriminatory reason for the termination, this reason is a pre-text for unlawful retaliation in response to Plaintiff's protected activity.

## CLAIM FOR RELIEF

## COUNT I – Retaliation in Violation of

## Title VII of the Civil Rights Act of 1964, as amended

16.

Plaintiff re-alleges paragraphs 1-16 as if set forth fully herein.

17.

Defendant's actions, as detailed above, in terminating Plaintiff because of protected activity, *to wit*, complaining about sexual harrasment, constitutes unlawful intentional retaliation in violation of Title VII.

18.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

19.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

20.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Pecuniary losses, including lost wages and benefits;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*

V. Severin Roberts
Georgia Bar No. 940504

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com